Chief David Messer Lynn Haven Police Department 1412 Pennsylvania Avenue Lynn Haven, Florida 32444
Dear Chief Messer:
You have asked substantially the following questions:
1. Must a municipality adopt a municipal ordinance in order to enforce section 386.212, Florida Statutes (1996 Supplement), making it unlawful for any person under the age of 18 to smoke tobacco within 1,000 feet of an elementary, middle, or secondary school?
2. May a municipality use its existing citation form for issuing citations for violations of section 386.212, Florida Statutes (1996 Supplement)?
In sum:
1. There is no requirement that a municipality adopt a local ordinance in order to enforce section 386.212, Florida Statutes (1996 Supplement), making it unlawful for any person under the age of 18 to smoke tobacco within 1,000 feet of an elementary, middle, or secondary school.
2. A municipality's existing citation form, if it elicits the information required by the statute, may be used to issue citations for violations of section 386.212, Florida Statutes (1996 Supplement).
Question One
Section 386.212, Florida Statutes (1996 Supplement), provides:
"(1) It is unlawful for any person under 18 years of age to smoke tobacco in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. and midnight. This section shall not apply to any person occupying a moving vehicle or within a private residence.
(2) A law enforcement officer may issue a citation in such form as prescribed by a county or municipality to any person violating the provisions of this section. Any such citation must contain:
(a) The date and time of issuance.
(b) The name and address of the person cited.
(c) The date and time the civil infraction was committed.
(d) The statute violated.
(e) The facts constituting the violation.
(f) The name and authority of the law enforcement officer.
(g) The procedure for the person to follow to pay the civil penalty, to contest the citation, or to appear in court.
(h) The applicable civil penalty if the person elects not to contest the citation.
(i) The applicable civil penalty if the person elects to contest the citation.
(3) Any person issued a citation pursuant to this section shall be deemed to be charged with a civil infraction punishable by a maximum civil penalty not to exceed $25, or 50 hours of community service or, where available, successful completion of a school-approved antitobacco `alternative to suspension' program.
(4) Any person who fails to comply with the directions on the citation shall be deemed to waive his or her right to contest the citation and an order to show cause may be issued by the court."
The plain language of the statute makes it unlawful for any person under 18 years of age to smoke tobacco within 1,000 feet of a school between six o'clock in the morning and midnight, with the exception of persons in a moving vehicle or in a private residence. There is nothing in the statute that requires local governments to adopt an ordinance to implement the provisions of the law before it may be enforced by the local law enforcement agency. Moreover, the statute contemplates that local governments will enforce the terms of the statute through the issuance of citations on locally prescribed forms containing specific information.
It is well settled that absent a prohibition in the State Constitution or in state law, a municipality may prohibit and punish by ordinance any act made penal by state law, when such act is perpetrated within the municipality's jurisdictional limits.[1]
A local government must be mindful, however, that the prosecution of an individual for violation of a local ordinance fashioned after a state statute may preempt prosecution under the state statute due to double jeopardy considerations.[2]
Accordingly, while a municipality has the authority to adopt a municipal ordinance prohibiting an act made illegal under state statute, there is nothing in section 386.212, Florida Statutes (1996 Supplement), requiring such action in order for a municipality to enforce the statute's terms.
Question Two
Section 386.212(2), Florida Statutes (1996 Supplement), recognizes that citation forms prescribed by a local government may be used in citing persons who violate the terms of the statute, but requires such citations to contain specific information. While the section contemplates the adoption of a new citation form or the alteration of an existing one if the forms used by a county or city do not comply with the statute's requirements, it would make little sense to conclude that a local government must adopt a new citation form when the forms already in use contain the statutorily prescribed information and directives.[3]
It is my opinion, therefore, that a city may use its existing citation form in citing juveniles for violations of section386.212(2), Florida Statutes (1996 Supplement), if that form contains the information required by statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, City of Gainesville v. Hilliard (Fla. 1st DCA 1968).See also, Thomas v. State (Fla. 1993) (municipality may enact ordinances adopting by reference criminal or penal statutes of the state, but ordinance penalties may not exceed state penalties for similar or identical offenses).
[2] See, Ops. Att'y Gen. Fla. 78-111 (1978) and 74-240 (1974).See also, Waller v. Florida, 397 U.S. 387 (1970) (impermissible for a person tried for violation of a municipal ordinance to be subsequently prosecuted for violation of a state criminal statute arising from the same set of facts).
[3] Rule 3.125(l), Florida Rules of Criminal Procedure, provides a standard form for a notice to appear that elicits the information prescribed in section 386.212, Florida Statutes (1996 Supp.), and is currently used by law enforcement agencies throughout the state.